UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMEL JONES,

        Plaintiff,

v.                                                       Case No. 17-C-1523

RYAN MCCLAIN,

        Defendant.

## SCREENING ORDER

Plaintiff Jermel Jones, who is currently serving a state prison sentence at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated at Racine Correctional Institution (RCI). This matter comes before the court on Jones' motion for leave to proceed without prepayment of the full filing fee. ECF No. 2. Jones is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. Jones has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.35. His motion for leave to proceed without prepaying the filing fee will be granted. Also before the court are several motions for extension of time to pay the initial partial filing fee and for leave to pay the initial partial filing fee from Jones' release account. ECF Nos. 9, 10, 11, 13. Because the court has received Jones' initial partial filing fee, these motions will be denied as moot.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). To state a claim for relief under § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was visited upon him by a person or persons acting under the color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.2d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Jones' complaint alleges that Defendant Ryan McClain, a correctional officer at RCI, violated the Eighth Amendment's bar on cruel and unusual punishment by using excessive force against him during an incident that allegedly occurred on August 23, 2017, while Jones was incarcerated at RCI. He alleges that McClain approached his cell during dinner that night, at which time Jones said that he intended to tie a towel around his own neck if McClain did not give him his dinner tray. According to Jones, "McClain then said he will spray me and I told him you can't spray me since I don't have the towl [sic] around my neck. . . . McClain then said you want a [sic] bet. And I said yes. . . . McClain then open[ed] up my foodport trap and sprayed me in the face . . . ." ECF No. 1 at 2. Jones alleges that being sprayed with an incapacitating agent caused him to have an asthma attack, which required that he be rushed to the hospital. He further alleges that McClain "knew that he was not suppose[d] to spray me unless I pose[d] a threat to myself or to him," knew that Jones has asthma, and knew that spraying Jones with an incapacitating agent could cause an asthma attack. *Id.* at 3.

Claims for both excessive force and deliberate indifference fall under the umbrella of the Eighth Amendment's prohibition on cruel and unusual punishment, which bars "unnecessary and wanton infliction of pain," particularly when "totally without penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2001). Specifically, the inquiry in claims involving allegations of excessive force by prison officials against an inmate is whether the prison official inflicted an injury "maliciously and sadistically for the very purpose of causing harm." *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986). Thus, the infliction of even a relatively minor or de minimis injury can constitute a violation of the Eighth Amendment's prohibition of "cruel and unusual" punishment if it is done maliciously. *Hudson*, 503 U.S. at 9 ("When prison

3

officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. . . . This is true whether or not significant injury is evident.").

This subjective standard for excessive force claims makes it difficult to rule out Eight Amendment excessive force claims at the screening phase, particularly in light of the liberality with which the court must construe Jones' complaint. Here, Jones alleges that McClain responded to his threat of self-harm—but not any action in furtherance of it—by spraying Jones with an incapacitating agent, despite knowing about Jones' asthma. The court therefore concludes that Jones may proceed against McClain on the excessive force claim.

Accordingly, the court finds that Jones may proceed on his claim against McClain for using excessive force.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motions for extension of time to pay the initial partial filing fee and for leave to pay the initial partial filing fee from his release account (ECF Nos. 9, 10, 11, 13) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $348.65 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS ALSO ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 5th day of December, 2017.

                                  s/ William C. Griesbach
                                  William C. Griesbach, Chief Judge
                                  United States District Court