UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMEL JONES,

        Plaintiff,

v.                                                     Case No. 17-C-1523

RYAN MCCLAIN,

        Defendant.

## DECISION AND ORDER

Plaintiff Jermel Jones, an inmate currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed this action under 42 U.S.C. § 1983, alleging that Defendant Ryan McClain violated his civil rights by spraying him with an incapacitating agent after he threatened to hang himself using a towel. This matter comes before the court on four motions Jones has filed under Civil Local Rule 7(h) seeking sanctions for alleged discovery violations. ECF Nos. 44, 47, 48, 56. The first two motions were filed on April 9, 2018, and the third on April 12, 2018, meaning the deadline for McClain to respond to these three motions has passed. Because McClain has not filed a response, those three are ready for decision. Although Jones filed the fourth motion more recently, on April 23, 2018, it largely duplicates arguments raised in the earlier motions. For the reasons stated below, all four motions will be denied.

Jones' first motion seeks sanctions against McClain under Federal Rule of Civil Procedure 37 on the grounds that McClain lied under oath. ECF No. 44 at 1. Comparing McClain's responses to Jones' requests for admissions with McClain's own incident report, incident reports by other officers involved in extracting Jones from his cell, and a video of the incident, Jones argues that

McClain lied about the presence of a ligature around Jones' neck at the time he sprayed him with an incapacitating agent. *Id.* at 1–2.

Jones' second motion similarly seeks sanctions under Rule 37 on the grounds that McClain lied under oath. ECF No. 47. This time comparing McClain's responses to Jones' requests for admissions with McClain's responses to Jones' interrogatories, as well as conduct reports written by McClain, Jones argues that McClain lied when he said that he did not know that Jones had asthma at the time McClain sprayed him with an incapacitating agent. *Id.* at 1–2.

Jones' third motion seeks a different remedy than his first two, asking that the court "strike all [of] defendant's testimony, answers and whatever the court deems necessary" under Federal Rule of Civil Procedure 12. But he returns to the argument that McClain lied about Jones having anything tied around his neck at the time of the incident, once again comparing McClain's statements about the incident to incident reports by the other officers involved. ECF No. 48 at 1.

Jones's fourth motion returns to his argument seeking sanctions under Rule 37 on the grounds that McClain lied under oath. ECF No. 56 at 1. He also asks the court to treat the motion as a motion to strike under Rule 12. *Id.* Once again, Jones points out the inconsistencies between McClain's incident report and discovery responses, on the one hand, and the incident reports by other officers, on the other. *Id.* at 1–2. He also directs the court to a Department of Corrections use of force inquiry into McClain's conduct, which concluded that McClain's conduct was neither desirable nor reasonable. *Id.* at 5–6.

All four of Jones' motions raise similar arguments that McClain's statements about the incident are inconsistent with the other evidence available regarding that day. But to say that a defendant's version of events is inconsistent with the plaintiff's version does not, by itself, mean that the defendant is lying. Instead, at this stage in the litigation, it suggests at most that there could be

2

a genuine dispute of material fact. As a magistrate judge in another district recently observed,

> [A] discrepancy alone does not compel sanctions. Motions to compel discovery are not intended to resolve underlying factual disputes . . . . Plaintiff may explore [an] apparent discrepancy [between witnesses' statements] through further discovery. Moreover any discrepancies in the record may raise [an] issue of fact that can be relevant in determining a dispositive motion or at trial. But, for now the Court is satisfied that the statements discussed above do not warrant sanctions.

*Crawford v. Hughes*, No. 13-CV-6638-FPG-JWF, 2018 WL 1413091, at *1 (W.D.N.Y. Mar. 20, 2018). So too here. Inconsistencies between witnesses' statements and documentary evidence are a normal occurrence in a case approaching the summary judgment phase, as this one is. But those inconsistencies should be resolved on motions for summary judgment or at trial—not through a motion for sanctions.

Notably, Jones filed a motion for summary judgment shortly after filing the first three of these motions for sanctions. ECF No. 50. In support of that motion, he has filed a 28-page brief, 49 pages of supporting evidence, proposed findings of fact, and a declaration relating his own testimony as to the incident. ECF No. 51–54. That motion for summary judgment properly places Jones' argument about the undisputed material facts before the court and provides McClain with an opportunity to respond to the merits of his arguments within an established time frame. Accordingly, that motion for summary judgment, rather than these misdirected motions for sanctions, is the appropriate context for the court to consider these alleged factual disputes.

**IT IS THEREFORE ORDERED** that Jones' motions for sanctions (ECF Nos. 44, 47, 48, 56) are **DENIED**.

Dated this 25th day of April, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court